# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41029
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE GUADALUPE RANGEL-HERNANDEZ, also known as Monstro,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-874-2

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Rangel-Hernandez pleaded guilty to conspiring to possess, with intent to distribute, 1,000 kilograms or more of marijuana and five kilograms or more of cocaine. The district court's advisory Guidelines-sentencing calculations included enhancements for Rangel's role in the offense and possession of firearms in connection with it. Regarding those two enhancements, Rangel challenges his 292-month sentence.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-41029

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). For the two issues, however, Rangel only objected in district court to the role-in-the-offense enhancement.

Assuming *arguendo* he preserved sufficiently in district court the specific challenge raised here regarding the role enhancement, his claim nevertheless fails. Application of the two-level enhancement was under Guideline § 3B1.1(c) ("If the defendant was an organizer, leader, manager, or supervisor in any criminal activity . . . increase by 2 levels".). Rangel asserts the presentence investigation report's (PSR) statement of facts, upon which the court relied, lacked sufficient indicia of reliability. The application at issue is reviewed for clear error. *E.g.*, *United States v. Alaniz*, 726 F.3d 586, 622 (5th Cir. 2013) (citation omitted).

Rangel does not dispute that the PSR's statement of facts, if credible, supports application of the enhancement; rather, he maintains the fact-based conclusions are unsupported by adequate evidence. Rangel, however, fails to demonstrate the PSR's statement of facts is "materially untrue, inaccurate or unreliable". *United States v. Washington*, 480 F.3d 309, 319 (5th Cir. 2007) (citation and quotation marks omitted).

Rangel next contests the application of a two-level enhancement under Guideline § 2D1.1(b)(1) for possession of firearms in connection with the

No. 13-41029

offense.  The firearms at issue were found with narcotics in a warehouse.  As noted, Rangel raises this issue for the first time on appeal; therefore, review is only for plain error.  *E.g.*, *United States v. Rodriguez*, 15 F.3d 408, 414-15 (5th Cir. 1994) (citation omitted).  Under that standard, Rangel must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Rangel claims the district court should not have enhanced his sentence for possessing firearms without finding either:  he personally possessed them, or; a particular co-conspirator knowingly possessed them.  Rangel bases this claim on issues of fact that could have been resolved in the district court on proper objection; thus, he cannot show plain error.  *United States v. Rodriguez*, 602 F.3d 346, 361 (2010) (citation omitted).

AFFIRMED.